IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**DAVID R. EMELANDER,**

**Hon.**

**Plaintiff,**   Case No.

v.

**PINNACLE RECOVERY, INC.**

**Defendant.**

---

### COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW the Plaintiff DAVID R. EMELANDER ("Plaintiff" or "Emelander") and, by way of this Complaint by and through DC Capital, Law, LLP against the Defendant PINNACLE RECOVERY, INC. ("Defendant" or "Pinnacle"), says:

### I. PRELIMINARY STATEMENT

1.  The Plaintiff alleges that Defendant's collection practices violate the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692, *et seq.* ("FDCPA") and The Regulation of Michigan Collection Practices Act ("RCPA"), codified at MCL 445.251 *et seq.*, when Defendant charged Plaintiff collection fees not authorized by contract or law.

2.  Such violative collection practices include, *inter alia*, sending Plaintiff written communications that:

    (a) make false, deceptive, and misleading representations that Defendant is allowed and permitted by law to collect "collection fees" in the amount of 40% of the principal amount owed, as opposed to the actual earned costs of

    collection; and

 (b) Collect and attempt to collect amounts that are not permitted by law or contract but charged to in the form of **Exhibit 3** and **Exhibit 7**; and

 (c) Fail to provide proof of why the debt collector is collecting the debt under Federal law and state law at **Exhibit 3** and **Exhibit 7**.

## II. JURISDICTION AND VENUE

3. Jurisdiction arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. §§ 1331 and 1337.

4. Supplemental jurisdiction for Plaintiff's state law claims arise under 28 U.S.C. § 1367. The factual basis of the RCPA claims is the same as the factual basis of the FDCPA claims, and this district court has supplemental jurisdiction over all other claim that are so related to the claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. 28 U.S.C. § 1367(a).

5. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202.

6. Venue is appropriate in this federal district pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to Plaintiff's claims occurred within this federal judicial district at the time this action is commenced.

## III. PARTIES

7. Plaintiff Emelander is a natural person and consumer under the FDCPA and RCPA, and, at all times relevant to this complaint, Plaintiff resided in the City of Hudsonville, County of Ottawa, State of Michigan.

8. At all times relevant to this complaint, Defendant Pinnacle is a debt collector under the FDCPA and collection agency under the RCPA. Defendant is also incorporated in the State of California with a resident agent in East Lansing, County of Ingham, State of Michigan. Defendant

collects on timeshare and condominium association debt.

## IV. FDCPA STATUTORY STRUCTURE

9. The FDCPA regulates the behavior of collection agencies attempting to collect a debt on behalf of another. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to a number of personal bankruptcies, marital instability, loss of jobs, and invasions of individual privacy. Congress enacted the FDCPA to eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote uniform State action to protect consumers against debt collection abuses. 15 U.S.C. §§ 1692(a) through (e). To advance the purposes of the FDCPA, Congress included several specific consumer-protective rights, including, but not limited to, those in § 1692e and § 1692f.

10. The FDCPA is a broad remedial statute that must be liberally construed in favor of the consumer in order to effectuate the goal of elimination abuse.

11. The FDCPA is a strict liability statute, which provides for actual or statutory damages upon the showing of one violation and applies an objective test of the "least sophisticated consumer."

12. To prohibit deceptive practices, the FDCPA outlaws the use of false, deceptive, and misleading collection letters and names a non-exhaustive list of certain *per se* violations of false and deceptive collection conduct. See 15 U.S.C. § 1692e. Among these *per se* violations prohibited by that section are: false representations concerning the character, amount, or legal status of any debt, 15 U.S.C. §1692e(2)(A); and the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer, 15 U.S.C. § 1692e (10).

13. To prohibit unconscionable and unfair practices, the FDCPA outlaws the use of unfair or unconscionable means to collect or attempt to collect any debt and names a non-exhaustive list of certain *per se* violations of unconscionable and unfair collection conduct. See 15 U.S.C. § 1692f. Included among the *per se* violations prohibited in this section is the collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly permitted by law, 15 U.S.C. § 1692f (1).

14. A "consumer" is "any natural person obligated or allegedly obligated to pay any debt." 15 U.S.C. § 1692a(3).

15. A "debt" is "any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment." *Id*. § 1692a(5).

16. A "debt collector" is "any person who uses any instrumentality of interstate commerce of the mails in any business the principal purpose for which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another." *Id*. § 1692a(6).

17. The FDCPA's substantive provisions indicate that debt collection is performed through communication, conduct, or means.

18. A "communication" means "the conveying of information regarding a debt directly or indirectly to any person through any medium." *Id*. § 1692a(2).

19. The collection of any amount not expressly authorized in the underlying debt contract is a violation of the FDCPA. Debts including collection fees based on a percentage of the principal amount rather than the actual costs of collection have routinely been found to violate the FDCPA

*See, e.g., Bradley v. Franklin Collection Serv., Inc.*, 739 F.3d 606 (11th Cir., 2014); *Kaymark v. Bank of Am., N.A.,* 783 F.3d 168 (3rd Cir., 2015).

20. The FDCPA offers a mandatory guide for debt collectors to avoid charging consumers for charges, fees, and costs beyond the guidelines of the original contract. See 15 U.S.C. § 1692f(1).

## V. RCPA STATUTORY STRUCTURE

21. The RCPA, codified at MCL § 445.251 *et seq.*, deals with debt collection practices by "regulated persons" in the State of Michigan.

22. The RCPA, like the FDCPA, prohibits debt collectors from using deceptive, coercive, threatening, abusive, and other repugnant practices for collecting a consumer debt. *McKeown v. Mary Jane M. Elliott P.C.*, No. 07-12016-BC, 2007 WL 4326825, at *5 (E.D. Mich. Dec. 10, 2007 (citing *Hubbard v. Nat'l Bond and Collection Assocs., Inc.,* 126 B.R. 422, 426 (D.Del.1991)) held that "§ 445.252(e) applies to Defendant, its analysis is similar to that under § 1692e of the FDCPA, both of which bar misleading and deceptive communications… In light of the similarity between 15 U.S.C. § 1692e and these causes of action, it appears appropriate to view Plaintiff's claims under the same "least sophisticated consumer" standard.

23. "Claim" or "debt" means an obligation or alleged obligation for the payment of money or thing of value arising out of an expressed or implied agreement or contract for a purchase made primarily for personal, family, or household purposes. MCL § 445.251(1)(a).

24. "Collection agency" means a person directly or indirectly engaged in soliciting a claim for collection or collecting or attempting to collect a claim owed or due or asserted to be owed or due another, or repossessing or attempting to repossess a thing of value owed or due or asserted to be owed or due another person, arising out of an expressed or implied agreement. MCL § 445.251(1)(b).

25. "Consumer" or "debtor" means a natural person obligated or allegedly obligated to pay a debt. MCL § 445.251(1)(d).

26. This case involves an obligation, or an alleged obligation, primarily for personal, family, or household purposes, and arising from a transaction or alleged transaction.

### VI. FACTS CONCERNING PLAINTIFF

27. On or about February 1, 2018, Plaintiff became delinquent for a debt from Lehigh Resort Club for the assessment of Maintenance fees for 2018. **Please see Exhibit 1**.

28. Defender Resorts collected on the debt for Lehigh Resort as a debt collector and provided the Dispute and Validation Notice of the FDCPA to Plaintiff in a bill on April 2, 2018. **Please see Exhibit 2**.

29. Because of financial hardship, Plaintiff was unable to meet his obligations on the maintenance and association fees at **Exhibit 1 and Exhibit 2**.

30. The obligation fell into default, and on or about August 9, 2018, Defendant notified Plaintiff that Defendant was collecting a debt for Defender Resorts and seeking the amount of $1,052.32.

31. Of the $1,052.32 Defendant attempted to collect, the principal amount of debt was $751.66 and collections fees accounted for $300.66. **Please see Exhibit 3**:

August 9, 2018

| Account Summary | | Current Creditor: | Defender Resorts |
|---|---|---|---|
| Maintenance Fees | $ 751.66 | Account #: | 1601545 |
| Collection Fees | $ 300.66 | Owner Number: | 0220/21 |
| Total Balance: | $1,052.32 | | |



**THIS HAS BEEN SENT TO YOU BY A COLLECTION AGENCY**

Dear David R Emelander:

The above maintenance obligation has been assigned to our firm for collection. Defender Resorts has solicited our services to assist with the resolution of this debt. Please do not contact Defender Resorts regarding the debt. Please call our offices at (888) 831-1804 or (760) 929-6685 to discuss payment arrangements or pay per the instructions below.

As of the date of this letter, you owe $1,052.32. Because of interest, late charges, and other charges that may vary from day to day, the amount due on the day you pay may be greater. If you pay the amount shown above, an adjustment may be necessary after we receive your payment, in which event we will inform you before depositing the check for collection. For further information, contact the undersigned.

32. The Plaintiff had hired an attorney to seek rescission from the timeshare obligation with Lehigh Resort Club. The attorney sent a letter to Lehigh Resort Club seeking the rescission and notice of dispute. **Please see Exhibit 4**.

33. On or about September 24, 2018, the Plaintiff's attorney sent a letter to Defendant Pinnacle seeking validation and proof Plaintiff owed the $1,052.32 and the collection fees under 15 U.S.C. §§ 1692f (1). **Please see Exhibit 5**.

34. On or about October 24, 2018 and when Defendant failed to respond to the validation request, Plaintiff's attorney sent another letter of reminder seeking validation and asking why the Plaintiff owes 40% of the alleged debt amount. **Please see Exhibit 6**.

35. On or about October 26, 2018 Defendant responded to the validation request on the debt with some invoices and a letter that stated: "Please note the remaining collection assessment of $100.24 is not included as this was added at the time of the assignment to our office on 7/25/18." **Please see Exhibit 7**.

36. The letter and contents of the validation response from Defendant at **Exhibit 7** did not provide a contractual or legal basis to charge Plaintiff the "Collection Fees" under 15 U.S.C. §§

1692e, 1692e(2)(A), 1692e(2)(B), and 1692f and f (1).

37.     The contents of the letter at **Exhibit 7** advised the Plaintiff to review the Billing and Collection Policy of Lehigh Resort Club that stated Plaintiff would face a further assessment of $50, additional fees from the collection agency, and a recording of a lien:

*Lehigh Resort Club*
*Billing and Collection Policy*

| | |
|---|---|
| October 15 - 31 | First maintenance fee billing is sent out following budget approval. Statements will include the previous balance or credits, plus the following year's maintenance fees due.<br><br>Assessments are due upon receipt. |
| February 1 | "Lock Out" fee of $15.00 or 5% of the total amount of delinquency, whichever is less, is assessed to all delinquent owner accounts. A Reinstatement Fee of $25.00 plus interest will be added at 18% per annum (1.5% monthly) to all accounts on which payment was not received by 2/1. Notice of Lock out provision and Notice of Intent to Rent is mailed to all delinquent owners in accordance of Fla. 721.13 (6). |
| April 1 | "Right to Cure" Notice of Delinquency and the Assessment of $50.00 late fee shall be mailed to all delinquent owners of record. In accordance with Fla. 721.15 (3), said notice shall inform delinquent owners that in the event a collection company is engaged, said owners shall be liable for the fees of the collection agency and that a lien may result there from.<br>An owner whose account is more than 90 days delinquent, shall be suspended from voting their ownership week(s) interest at the Annual Meeting or any other called meetings of the Association. |
| July 1 | Unpaid accounts are sent to a collection agency and additional fees are added to each past due account. |

38.     Further, the Lehigh Resort Club Transaction History in the validation response at **Exhibit 7** showed that the Plaintiff did not owe $751.66 on the date the letter from Defendant was sent to Plaintiff at **Exhibit 3** on August 9, 2018. **Please see Exhibit 7.**

39.     Further, though Defendant stated in its letter that **Exhibit 7** is its validation of the debt, there exists nothing in the validation response confirming why Plaintiff owes the amount requested at **Exhibit 3** and nothing authorizing Collection Fees of 40% of the principal amount not validated.

40.     Lastly, in the Lehigh Resort Club Billing and Collection Policy Defendant provided in the validation response, Defendant relied on the "April 1 Paragraph" as proof it has the right to collect the $300.66 Collection Fees, as well as, a $50.00 late fee added by Lehigh and passed onto

-8-

Defendant to wrongfully charge Plaintiff. **Please see Exhibit 7.**

41.         Under the Florida Timeshare Statute at 721.15(3) that Defendant supplies in the validation response, the maximum amount of late fees allowed to be charged cannot exceed $25 for each delinquent assessment.

42.    Defendant has violated the FDCPA and the RCPA in failing to sufficiently and properly respond under the law under *Haddad* to the Validation Request of Plaintiff and is charging collection fees and principle amounts Plaintiff does not owe.

43.    According to the Defendant's website, Defendant is a nationwide full service debt recovery company that specializes in the professional, efficient and ethical resolution of its clients' delinquent and defaulted receivables**. Please see Exhibit 8.**

44. The "Collection Cost" of $300.66 is exactly 40% of the principal amount of $751.66 and is being charged of Plaintiff with no legal or contractual authorization.

45. Plaintiff has suffered an injury in fact and still face or have been subject to damage to their financial and public reputation, collection costs, and increased fees and interest if they don't pay as directed by **Exhibit 3** and did suffer such injuries stated here and in the paragraphs stated above.

46. Plaintiff suffered further injury in fact when Defendant's wrongful conduct as alleged in the preceding paragraphs caused significant risks of harm to the Plaintiff of paying more than was actually owed or more than Defendant was authorized to collect or attempt to collect. Plaintiff continues to face such risks of harm.

### VII. FIRST CAUSE OF ACTION: VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

47. Plaintiff realleges and incorporates by reference the allegations in paragraphs 1-20 and 27-46

of this Complaint, as if stated herein.

48. Plaintiff is and has been, at all times relevant to this complaint, a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

49. Plaintiff purchased the timeshare property for personal, family, or household use. Assessments for condominium and homeowners' associations on property acquired for personal, family, or household purposes are FDCPA debts.

50. Defendant is and has been, at all times relevant to this complaint, a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

51. Defendant violated the FDCPA. Defendant's violations, with respect to their written communications in the form attached as **Exhibit 3,** include, but are not limited to, the following:

    a. Using false, deceptive, and misleading representations or means in connection with the collection of any debt in violation of 15 U.S.C. § 1692e; and

    b. Making false, deceptive, and misleading representations concerning the character, amount, or legal status of any debt in violation of 15 U.S.C. §1692e(2)(A) in **Exhibit 3** and **Exhibit 7**; and

    c. Making false, deceptive, and misleading representations concerning any services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt in violation of 15 U.S.C. §1692e(2)(B); and

    d. Using false representations and/or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer in violation of 15 U.S.C. § 1692e (10); and

    e. Using an unfair or unconscionable means to collect or attempt to collect any debt

in violation of 15 U.S.C. § 1692f and f (1) through **Exhibit 3** and **Exhibit 7**; and

 f. Collecting amounts that are incidental to the principal obligation, which amounts are not expressly authorized by the agreement creating the debt or permitted by law in violation of 15 U.S.C. §§ 1692e, 1692e (2), 1692f, and 1692f(1) at **Exhibit 3**.

## VIII.  SECOND CAUSE OF ACTION: VIOLATIONS OF THE RCPA

52. Plaintiff realleges and incorporates by reference the allegations in paragraphs 1-8 and 21-46 of this Complaint as if stated herein.

53. Plaintiff is and has been, at all times relevant to this complaint, a "consumer" or "debtor" as that term is defined by MCL 445.251(d).

54. Plaintiff purchased the timeshare property for personal, family, or household use. Assessments for condominium and homeowners' associations on property acquired for personal, family, or household purposes are FDCPA debts. Thus, the alleged obligation is a "claim" or "debt" as defined by MCL 445.251(a).

55. Defendant is, at all times relevant to this complaint, engaged in the act and/or practice of "debt collection" as that term is defined by MCL 445.251(b).

56. Defendant is, at all times relevant to this complaint, a "collection agency" as that term is defined by MCL 445.251(b).

57. Defendant violated MCL §§ 445.251(a), (e), (f) and (q) in the form attached as **Exhibit 3** including that attempt to collect "Collection Fees" of $300.66, and expenses that were incidental to the obligation and neither authorized by an Original agreement creating the obligation nor legally chargeable to the consumer.

## IX. PRAYER FOR RELIEF

58. WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in his favor as

follows:

A.  **For the FIRST CAUSE OF ACTION**:

    (i)    An award of the maximum statutory damages for Plaintiff pursuant to 15 U.S.C. § 1692k(a)(2)(A);

    (ii)    An award of actual damages for Plaintiff pursuant to 15 U.S.C. § 1692k(a)(1);

    (iii)    For declaratory relief, pursuant to 28 U.S.C. §§ 2201, 2202 adjudging Defendant's collection letter, which is attached hereto as **Exhibit 3**, and which is complained of herein, violates the FDCPA;

    (iv)    Damages for illegal threats to the Plaintiff's credit report;

    (v)    Attorney's fees, litigation expenses, and costs pursuant to 15 U.S.C. § 1692k(a)(3); and

    (vi)    For such other and further relief as may be just and proper.

B.  **For the SECOND CAUSE OF ACTION**:

    (i)    An award of statutory and/or actual damages for Plaintiff pursuant to MCL 445.257(2) in an amount to be determined by the Court on Motion or at trial;

    (ii)    For injunctive relief for Plaintiff pursuant to MCL 445.257(1);

    (iii)    For declaratory relief, pursuant to 28 U.S.C. §§ 2201, 2202 adjudicating that Defendant's collection conduct and letter complained of herein violate the RCPA at **Exhibit 3**;

    (iv)    Attorney's fees, litigation expenses, and costs pursuant to MCL 445.257(2); and

    (v)    For such other and further relief as may be just and proper.

## X. JURY DEMAND

Plaintiff hereby demands that this case be tried before a Jury.

Respectfully submitted this 29th Day of November 2018.

                                                */s/ Brian P. Parker*
                                                Brian P. Parker, Esq. (P48617)
                                                DC Capital Law, LLP
                                                700 12th Street NW #700
                                                Washington, D.C. 20005
                                                202-723-5905
                                                bparker@dccapitallaw.com